## GILBERT PEIRCE *vs.* JOHN H. PARTRIDGE.

A member of an incorporated manufacturing company, who is a creditor thereof, has the same right as any other creditor to secure his demand by attachment or levy on the corporate property, although he may be personally liable, by virtue of *St.* 1808, *c.* 65, § 6, to satisfy other judgments against the corporation.

Where a debtor submits to judgment by default, and the creditor takes judgment for the whole claim in suit, without deducting therefrom the amount of articles received by him from the debtor in part payment of such claim, the judgment is void *in toto* as against other attaching creditors of the same debtor : And though the creditor, pending the action, assigns such claim to a third person, the assignee cannot, as against other attaching creditors, avail himself of such judgment, if he had reasonable notice, before the rendition thereof, that such articles were received by the assignor in part payment of the claim in suit.

Where indemnity is offered to an officer, upon request made to him, by a second attaching creditor, not to apply the proceeds of a sale on execution to satisfy the judgment of the first attaching creditor, it is not necessary that the grounds of such request should be communicated to the officer in order to render him liable to an action for disregarding it.

THIS was an action against a deputy sheriff, for an alleged misapplication of money collected by him on execution, and was submitted to the court on the following statement of facts :

The Athol Manufacturing Company was incorporated by *St.* 1814, *c.* 8. The plaintiff and Charles W. Holbrook severally recovered judgment against said company, at September term 1839, of the court of common pleas in this county; the plaintiff, for the sum of $ 216·87 damages, and $ 10·86 costs, and said Holbrook for the sum of $ 1852·22 damages, and $ 10·86 costs. Holbrook's said judgment was rendered on a note for $ 1250 and interest, and for $ 515 for services performed for said company. The action, on which that judgment was rendered, was commenced on the 29th of April 1839, was entered at the next June term, and the defendants in the action were then defaulted. Before said action was commenced, Holbrook had received of said company sundry goods, amounting to more than $ 400 ; and he testified, on the trial of a cause in the common pleas in this county, in April 1840, that "it was understood, when he took the goods, that they were to go towards his services rendered to said company, and they had always set

tled so ; " which testimony was to be taken, as if given in this case.

The plaintiff and said Holbrook sued out executions on their several judgments, and put them into the defendant's hands for service. On the 14th of September 1839, the defendant made an ineffectual demand on the treasurer of said company to show him real or personal property of the company to satisfy the plaintiff's execution. On the 30th of said September, the defendant sold personal property of said company on execution, and applied, of the proceeds of the sale, $ 1630·66 towards the satisfaction of said Holbrook's execution ; the attachment on Holbrook's writ being prior to that on the writ of the plaintiff.

After the service of Holbrook's and the plaintiff's said writs, and before they were returnable, Holbrook exhibited to the defendant a list of the suits against said company, and the amount which he (Holbrook) supposed due on each. On this list, there was set down by Holbrook, as due to him, the sum of $ 1348.

The plaintiff, on the 29th of September 1839, requested the defendant not to pay the proceeds of said sale in satisfaction of Holbrook's execution, but to apply it first to discharge the plaintiff's execution ; and he afterwards offered to indemnify the defendant for so doing. This offer was made before the defendant paid over the money on Holbrook's execution. But the defendant refused to apply the money as the plaintiff requested, and applied it on Holbrook's execution — first taking an indemnity for so doing.

On the 7th of May 1839, the stockholders of said company agreed with Aaron Brooks, junior, to become responsible to their creditors at Boston for the sur of $ 6905·07, and Ezra Fish, Daniel Ward, and Asa Pond, gave security to said Brooks, on their private property, for so doing ; and on the same day said Holbrook, who was a stockholder and director in said company, (and equally liable for the debts of said company with said Fish, Ward and Pond,) together with one Adin Holbrook, made an agreement in writing with said Fish, Ward and Pond, as follows : " Whereas Ezra Fish, Daniel Ward and Asa Pond have this day secured six thousand nine hundred and five dollars and

seven cents to Aaron Brooks, junior, who has become liable for the same to Boston creditors of the Athol Manufacturing Company, we agree, in consideration of the same, that we will pay to said Fish, Pond and Ward, ten thirty two parts of the same, and that the same amount shall be taken from our respective demands against said company, as follows : one half thereof from each of our respective demands which are now in suit ; if, however, other stockholders of said company shall contribute towards the same, the sum to be paid by us to said Pond, Ward and Fish, is to be diminished in proportion as above."

On the 5th of June 1839, the said company transferred the notes, accounts and money of said company to said Brooks, to induce him to pay demands then in suit against said company, and to secure him for so doing, by writing as follows : " Whereas Aaron Brooks, junior, has this day agreed to settle and stop certain of the suits against the Athol Manufacturing Company, such as he may find it convenient to do, and in consideration thereof, we do hereby transfer and assign to said Brooks all the notes and accounts and money now belonging to said company, to be collected and held by him as security for any liabilities he may incur for us, and for any indebtedness the said company may be under to him for and on account of what he may do for said company." (Signed by the directors of said company.) And the said Brooks thereupon paid out a large sum of money to the creditors of said company, and stopped a large number of suits, before the sitting of said court of common pleas in June 1839.

On the 30th of August 1839, said Charles W. Holbrook transferred to said Brooks his demand then in suit against said company, and received in payment therefor the demand of said company against him, and said Brooks's note for the balance, of which the following is a copy : " August 30, 1839. For value received, I promise Charles W. Holbrook to pay him, or his order, thirteen hundred and ninety four dollars and sixty seven cents on demand with interest, being for his demands against Athol Manufacturing Company ; provided there be no objection made by Asa Pond, Daniel Ward, or Ezra Fish, to

whom a part of said demand has been assigned by said Holbrook. Aaron Brooks, junior." There was indorsed on said note, September 9th, 1839, sixty dollars ; and October 11th, 1839, forty dollars, for cash paid by said Brooks.

The said Holbrook did not communicate to said Brooks the fact of any understanding between him and said company as to the manner of the payment of said company's demand against said Holbrook, which had been assigned to said Brooks to secure him as above. On the 9th of September 1839, the defendant and the plaintiff's attorney had notice of the assignment of said Holbrook's judgment to said Brooks.

The sum due from said Holbrook to said company, and which should have been deducted from his demand against the company before he took judgment, has been adjusted, and no claim is made on account of the same, except so far as the same may affect the true balance due to said Holbrook from said company, and the validity of said judgment.

The said Fish, Ward and Pond requested said Brooks to see that the property, assigned by said Charles W. Holbrook to them, should be secured for the payment of his share of the debt due to said Brooks, both before and after said Holbrook took judgment in his suit against said company.

The said Charles W. Holbrook was a stockholder in said company, at the time of their failure on the 29th of April 1839, and for some time before, and ever since. The company were deeply insolvent, and all their visible property was exhausted to satisfy executions where attachments were made on the original writs, prior to the attachment made in the plaintiff's suit against said company ; unless the attachment of said C. W. Holbrook is vacated. The plaintiff's said judgment is wholly unsatisfied.

Judgment to be rendered for the plaintiff, if the defendant, on the foregoing facts, was legally bound to pay the plaintiff's judgment aforesaid : Otherwise, judgment to be rendered for the defendant.

*Washburn & Stevens*, for the plaintiff.

*C. Allen*, for the defendant.

DEWEY, J. The principal question in the present case is,

whether the lien acquired by Charles W. Holbrook, by virtue of his attachment of the goods of the Athol Manufacturing Company, had been lost or discharged, so that the avails of the said goods ought to have been applied on the execution of the plaintiff.

The first position assumed by the plaintiff is, that Holbrook, being a member of the corporation known by the name of the Athol Manufacturing Company, was, by virtue of the provisions of *St.* 1808, *c.* 65, § 6, personally liable for the payment and satisfaction of the execution of the plaintiff, by a levy of the same on the body or property of said Holbrook, inasmuch as the same had been, fourteen days previously, demanded of the treasurer of the corporation, and remained unpaid ; and that Holbrook being thus, in common with all the members of said company, liable for the debt to the plaintiff, the members of said company became virtually a mere joint stock association, and as such, no one of their number could properly prosecute a suit or levy an execution in his own favor upon the property of the company, to the prejudice of other creditors holding executions against the company.

We do not think this position can be maintained. The cases of incorporated companies are wholly dissimilar to those of ordinary copartnerships, or joint stock associations, as to the rights of individual members of the company to institute suits against the company. In the former, the individual members are entirely distinct from the artificial body endowed with corporate powers. The suit by Holbrook was, therefore, properly instituted and carried to a judgment. Nor do we see any reason why Holbrook, when he had thus acquired a lien for his private debt against the company, should be postponed for the benefit of a subsequent attaching creditor of the corporation. It is true that Holbrook was personally liable for the amount of the execution of Peirce, if Peirce had elected to levy it upon the personal or real estate of Holbrook. But in case of such levy, Holbrook would have had a claim for contribution upon all the other members of the company. But if the principle be applied, as insisted for the plaintiff, Holbrook will lose his security

for his debt, to the amount of the execution of the plaintiff, and yet be deprived of his right to recur to his associates for remuneration ; as he cannot be said to have paid the debt to the plaintiff from his private property.

The second position taken by the plaintiff is this ; that Holbrook has, by the manner in which he has entered up judgment against the company for his debt, defeated his lien by attachment, as against subsequent attaching creditors.

In the matter of priority of liens among several attaching creditors, this court hold the parties to very strict rules in adjusting their respective claims to preferences. Hence it has been repeatedly held, that the introduction of any new cause of action, or the allowance of any amendment of the declaration, which may have enlarged the amount of damages recovered, operates to vacate the attachment. So also, a party having a claim clearly defined and well ascertained, for which he is entitled to take a judgment against his debtor, with a priority of lien by attachment, has no right to add to his just demand a sum clearly not due, and take a judgment for the whole. And such acts of the first attaching creditor vacate the whole attachment, as against subsequent attaching creditors ; that part of the judgment which was good being vitiated by that which is bad. *Fairfield* v. *Baldwin*, 12 Pick. 398.

The further inquiry then is, whether the judgment in favor of Holbrook is liable to the last mentioned objection. The facts stated in the report of the case show that the judgment was taken for the sum of $1852·22 ; that this judgment was rendered upon a default, and the damages assessed for such sum as Holbrook, or those who acted for him, elected to take. Did the amount of the judgment, thus taken, exceed the sum for which it should have been rendered, fixing the same by the well ascertained and stated account, as it existed between these parties ? The evidence seems to be very full and satisfactory upon this point. It is found in the testimony of Holbrook, in which he states, " that the goods he took of the company were to go towards his ser vices rendered to the company ; " in the statement of the plain

tiff's claim at $1348, as borne on the list of debts shown by the plaintiff to the defendant, pending the suit against the company ; in the recital of the amount of the same in the negotiations be tween Holbrook and his assignees ; and also in the written promise of Mr. Brooks — all of which occurred before the ren- dition of the judgment in the case, and fix this demand at an amount much less than that for which judgment was taken.

This evidence seems to the court fully to establish the facts necessary to bring the case within the principle alluded to, and which was applied in the case of *Fairfield* v. *Baldwin,* before cited.

Nor does it vary the rule, or the effect of this evidence, that the various arrangements existed between Holbrook and Fish, Ward and Pond, and also with Mr. Brooks. It is true, in re- lation to Mr. Brooks, that the case finds that Holbrook did not communicate to him the fact above stated in his testimony. But from the other facts in the case, and the connexion of the as- signees, as succeeding to the rights of Holbrook, we think they are all to be affected by the evidence disclosed in the case, showing that the judgment was taken for a sum greatly beyond the amount actually due from the company to Holbrook.

The effect of this was to vacate the attachment of Holbrook ; and that attachment being thus vacated, it was the duty of the defendant to apply the avails of the property sold by him under the seizure on these executions, to the discharge of the execu- tion of the plaintiff. The defendant having refused so to do, he has subjected himself to the payment of damages to the plaintiff, to the amount of such execution.

An objection was suggested as to the right of the plaintiff, in cases like the present, to charge the officer, upon a notice and request to him not to appropriate the avails of the property sold to another creditor, where the notice is general in its terms, and unaccompanied with any specification of the grounds of such no- tice. Whatever might be deemed necessary to charge the offi- cer, under circumstances where the party required him to act upon such notice, upon his own personal liability, without offer- ing him an indemnity ; in a case like the present, where such

indemnity was offered by each party, and accepted from one of the parties, the objection cannot avail the defendant.

*Judgment for the plaintiff.*